Patric A. Lester (SBN 220092)
PL@Lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 665-3888
Fax: (314) 241-5777

Robert Stempler (SBN 160299)
Robert@stopcollectionharassment.com
Consumer Law Office of Robert Stempler, APLC
P.O. Box 1721
Palm Springs, CA 92263-1721

Attorneys for Plaintiff Heather St. Clair

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER ST. CLAIR,<br><br>Plaintiff,<br><br>vs.<br><br>ERIN CAPITAL MANAGEMENT, LLC.,<br>and ELTMAN, ELTMAN & COOPER, PC<br><br>Defendant. | Case No.: **'11CV1795 JM   BLM**<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Heather St. Clair, (hereinafter "Plaintiff") for Erin Capital Management's hereinafter(hereinafter "Erin Capital")and Eltman, Eltman & Cooper, PC's (hereinafter "Eltman") violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, *California Civil Code* § 1788 *et seq*. (hereinafter "the Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4.      This action arises out of Defendants' violations of the FDCPA the Rosenthal Act.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6.      Plaintiff is a natural person residing in San Diego, California, and is a "consumer" within the meaning of *§1692a(3)* of the FDCPA in that she is a natural person purportedly obligated to pay a credit card debt, owed to Providian Financial Corporation, (hereinafter "Debt") and a "debtor" as that term is defined by § 1788.2(h) of the Rosenthal Act.

7.      At all times relevant herein, Defendant, Erin Capital was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by *§1692a(5)* of the FDCPA, and consumer debts as defined by *§ 1788.2(f)* of the Rosenthal Act. Erin Capital regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of *§1692a(6)* of the FDCPA and *§1788.2(c)* of the Rosenthal Act. As Erin Capital does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant Erin Capital for purposes of this action.

8.      At all times relevant herein, Defendant, Eltman was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by *§1692a(5)* of the FDCPA. Eltman regularly attempts to collect debts alleged to be due another and is therefore a debt collector within the meaning of *§1692a(6)* of the FDCPA. As Eltman does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant Eltman for purposes of this action.

9.      In connection with the Debt, Eltman and its employees were acting as Erin Capital's debt collection agents, making Erin Capital vicariously liable for Eltman's debt collection act violations.

2
COMPLAINT

**FACTUAL ALLEGATIONS**

10. At all times herein, Defendants, were attempting to collect, from Plaintiff, a debt as defined by *§1692a (5)* of the FDCPA and a consumer debt as defined by *§ 1788.2(f)* of the Rosenthal Act.

11. On January 8, 2008, Erin Capital filed suit against Plaintiff in the Superior Court of California, San Diego County in the cause captioned as <u>Erin Capital Management LLC v. Heather St. Clair;</u> Case No.: 37-2008-00075465-CL-CL-CTL, (hereinafter "State Case").

12. On January 15, 2009, at Erin Capital's request, a default judgment was entered in the State Action against Plaintiff.

13. Plaintiff hired attorney William R. Rose (hereinafter "Mr. Rose") to set aside the default judgment in the State Action and negotiate a complete settlement of the Debt.

14. Mr. Rose contacted Eltman, thereby also communicating to both Eltman and Erin Capital, that he was representing Plaintiff.

15. From January 18, 2010 through February 3, 2010, Mr. Rose and a managing attorney at Eltman, Michel Ross, exchanged emails regarding negotiating a settlement of the State Case. The emails from Mr. Rose clearly showed in their signature block that they were from The Law Offices of William Rose in Santa Monica, California, an attorney. The emails from Michael Ross clearly showed in their signature block that they were from Eltman, Eltman & Cooper a law firm in New York NY. This was additional confirmation to Erin Capital and Eltman that Plaintiff was represented by counsel, specifically Mr. Rose. A true and accurate copy of the emails containing the settlement terms are attached hereto and fully incorporated by reference as Plaintiff's Exhibit "A"

16. Further emails concluding in February 12, 2010 between the attorneys representing the parties in the State Action finalized the terms of the settlement. A true and accurate copy of the emails is attached hereto and fully incorporated by reference as Plaintiff's Exhibit "B". This was further confirmation to Erin Capital and Eltman that Plaintiff was represented by counsel.

///

17. As the emails from Michael Ross to Mr. Rose indicated, the settlement was accepted and that upon receipt of the settlement funds and clearing the bank, the Debt would be paid in full and the Action dismissed.

18. Plaintiff paid the full settlement amount, as agreed.

19. Following receipt of the settlement amount, Erin Capital filed pleadings in the State Action to set aside the default judgment and on April 23, 2010, the State Action was dismissed with prejudice.

20. On August 2, 2010 and August 12, 2010, Eltman sent Plaintiff notices, attempting to collect the paid debt. These were communications within the meaning of *§1692a(2)* of the FDCPA.

21. The notices stated, among other things, "Negotiate with us before we proceed to garnishment." The notice confirmed the name of Plaintiff's present employer and that her wages would be garnished if Plaintiff did not call them and asked to speak with "Shaun, Helena, or Sam as soon as possible." The notices also stated that: "To avoid having legal documents served to your employer and involuntary paycheck deductions…call …as soon as possible." The notice further stated: "Judgment Amount with Interest: $6,459.76." A true and accurate copy of the notices are attached hereto and fully incorporated by reference as Plaintiff's Exhibit "C".

22. Defendants knew that Plaintiff was represented by counsel when they sent the collection notices in Exhibit C to Plaintiff.

23. Defendants misrepresented, in the notices in Exhibit C to Plaintiff, the amount of the Debt owed as $6,459.76, when in fact the amount owed was zero.

24. Defendants misrepresented, in the notices in Exhibit C to Plaintiff, the legal status of the Debt as owed when in fact the debt had been paid.

25. Promptly upon receipt of the notice from Eltman, Plaintiff called Eltman and spoke with a collection agent, who said her name was "Helena."

26. Helena advised Plaintiff that this call is to collect a debt and asked Plaintiff where Plaintiff worked and the last four digits of Plaintiff's Social Security Number.

///

27. Plaintiff informed Helena that Plaintiff had a lawyer and everything had already been settled by payment of the debt and dismissal of the State Action.

28. Helena represented that Plaintiff was still being sued for the debt and it wasn't paid and the case wasn't settled. She further implied that the lawyer hadn't done anything for Plaintiff other than take her money.

29. This upset Plaintiff as she did not know at this point whether in fact she had been defrauded by her attorney, if she would have to pay a second time, if her wages would be garnished making it difficult for her to survive financially and jeopardizing her employment because Eltman would contact her employer and tell them about the debt.

30. During the phone conversation with Helena, Plaintiff cried.  Helena said that Plaintiff should calm down and suggested throwing cold water on Plaintiff's face to stop crying.

31. Subsequent to this phone call, Plaintiff, an ordinarily self-sufficient independent single woman, contacted her father to ask for a loan in necessary to pay this debt a second time. She had never had to ask her father for assistance before. This embarrassed and humiliated her further.

32. On August 26, 2010 at 8:03 AM, Plaintiff received the following phone message:

> This phone call is for Heather St. Clair if you are not Heather St. Clair, hang up or disconnect.  There will be a three second delay in this message.  By continuing to listen to this message, you are acknowledging to be Heather. Heather you should not be listening to this message where people can hear as it contains personal and private information. Three second delay to listen in private. This message is from Sam Rams of Eltman, Eltman and Cooper and is an attempt to collect a debt. Heather please call me to discuss an important business matter

33. These were a communications within the meaning of *§1692a(2)* of the FDCPA.

34. Defendants knew that Plaintiff was represented by counsel when they telephoned her on August 26, 2011.

35. Since the dismissal of the Action in April, 2010, the defendants had never communicated with Mr. Rose about the Debt or the State Action.

36. At no time had the defendants received permission from Mr. Rose to contact Plaintiff. Defendant  knew or could readily ascertain Plaintiff's attorney's name and address.

///

37. Defendant knew or could readily ascertain that Plaintiff's counsel had not consented to a direct communication with Plaintiff.

38. After, and due to, the notices, phone calls and the August 26th phone message Plaintiff intermittently suffered anxiety, stress, anger, depression, embarrassment, humiliation, trouble focusing at work, and trouble sleeping.

39. Plaintiff was able to confirm over the span of several weeks that the debt was paid and the State Action was settled and dismissed by obtaining a copy of the pertinent court filing from the courthouse and discussing the facts again with Mr. Rose.

40. These emotional stress and symptoms decreased after Plaintiff was able to confirm the falsity of Helena's statements and that in fact the payment of the debt, settlement and dismissal of the State Action had all actually occurred as she had believed. The memories of the events still cause some intermittent stress.

## **FIRST CLAIM FOR RELEIF**

### **(Violations of the FDCPA)**

### **Against Both Defendants**

41. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

42. Defendants violated the FDCPA. The violations include, but are not limited to, the following:

    (1) communicating with the consumer by means of the above mentioned notices and/or phone calls while she was represented by counsel in violation of *§ 1692c(a)(2)* of the FDCPA;

    (2) misrepresented the legal status of the debt as owed when in fact it had been paid, by means of the above mentioned notices and/or phone calls, in violation of *§§ 1692e, 1692e(2)(A), and 1692e(10)* of the FDCPA;

    (3) misrepresented that it was lawfully entitled to collect the amount of the debt, by means of the above mentioned notices and/or phone calls, in violation of *§§ 1692e, 1692e(2)(A), and 1692e(10)* of the FDCPA;

    (4) making false representations or implication that nonpayment of the debt will result in the seizure, garnishment, attachment, or sale of any property or wages, when such action would not be lawful, by means of the above mentioned notices and/or phone calls, in violation of §§ 1692e(4) of the FDCPA;

    (5) threatening to take legal action that cannot legally be taken by garnishment of wages for a debt that was not owed, by means of the above mentioned notices and/or phone calls, in violation of §§ 1692e(5) of the FDCPA;

    (6) attempting to collect an amount which was not expressly authorized by agreement or permitted by law, by means of the above mentioned notices, in violation of §§ 1692f(1) of the FDCPA.

43. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELEIF

### (Claim for violations of the Rosenthal Act)

### Against Erin Capital

44. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

45. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to §1788.17. Defendant's violations of § 1788.17 of the Rosenthal Act ( which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in ¶ 42 above.

46. Defendant's acts and omissions violated § 1788.10(e) the Rosenthal Act by making threats that nonpayment of the debt will result in the garnishment or attachment of the debtor's wages, when such action would not be permitted by law or was not in fact contemplated by the debt collector.

47. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to § 1788.30(b) of the Rosenthal Act.

///

48. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt a second time.

49. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

1. An award of actual damages pursuant to *§ 1692k(a)(1)* of the FDCPA against Defendants and each of them;

2. An award of statutory damages of $1,000.00 pursuant to *§ 1692k(a)(2)(A)* of the FDCPA against each Defendant;

3. An award of actual damages pursuant to *§ 1788.30(a)* of the Rosenthal Act, against defendant Erin Capital;

4. An award of statutory damages of $1,000.00 pursuant to *§ 1788.30(b)* of the Rosenthal Act, against defendant Erin Capital;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to *§1692k (a) (3)* of the FDCPA against both Defendants and *§ 1788.30(c)* of the Rosenthal Act, against defendant Erin Capital,

6. Such other and further relief this court may deem just and proper.

### TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Lester & Associates

August 11, 2011
Dated

*s/Patric A. Lester*
By Patric A. Lester
Attorney for Plaintiff,
HEATHER ST. CLAIR

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
HEATHER ST. CLAIR

**DEFENDANTS**
ERIN CAPITAL MANAGEMENT, LLC., and ELTMAN,

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Patric A. Lester, 5694 Mission Center Road, #358, San Diego, CA 92108, Phone: (619) 665-3888

Attorneys (If Known)
'11CV1795 JM  BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, et seq

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE: 08/11/2011
SIGNATURE OF ATTORNEY OF RECORD: s/Patric A. Lester

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE